JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENA GAXIOLA, | ) Case No: 2:24-cv-03966-ODW-PVC |
| | ) |
| Plaintiff, | ) [■■■■■■■] |
| | ) **JUDGMENT** |
| vs. | ) |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

The Court hereby approves the parties' Stipulation to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment ("Stipulation to Remand") lodged with this Judgment of Remand, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above-captioned action is remanded to the Commissioner of Social Security for further proceedings consistent with the Stipulation to Remand.[1]

DATED: November 15, 2024    _____

HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Bastidas v. Chappell*, 791 F.3d 1155 (9th Cir. 2015), the Ninth Circuit held that the magistrate judge had the authority to grant the petitioner's request to dismiss two unexhausted claims in his habeas petition without the approval of a district judge, as the magistrate judge's order was simply "doing what [the] habeas petitioner has asked." *Id*. at 1165. While *Bastidas* is not entirely on point, the stipulation for remand and entry of judgment here is jointly made by the parties, without any compulsion from the magistrate judge. Because there appears to be no danger of undue prejudice to any party, the Court grants the request.